UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY RUDGE, )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>   Defendant ) | No. 1:11-cv-440-DBH |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge wrongly refused his request that he be sent for a consultative mental examination and that the residual functional capacity ("RFC") that he assigned to the plaintiff is not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD benefits only through June 30, 2008, Finding 1, Record at 18; that he suffered from degenerative disc disease with neck and

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

low back pain and right ear deafness, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 18-19; that he retained the RFC to perform light work, except that he could not do constant forceful gripping or handling with his left non-dominant upper extremity, could use judgment, and could respond to co-workers and supervisors, Finding 5, *id*. at 19; that he was unable to perform any past relevant work, Finding 6, *id*. at 22; that, given his age (40 on the date of alleged onset of disability, a younger individual), limited education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*.; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time from November 23, 2005, the alleged date of onset, through the date of the decision, May 17, 2011, Finding 11, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.,* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform

work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

## II. Discussion

### A. Listing 12.05C

Both before the administrative hearing and at the hearing, the plaintiff's attorney asked the administrative law judge to order a consultative mental examination of the plaintiff in order to determine, *inter alia*, his IQ, so that he might possibly meet the requirements of Listing 12.05C for mental retardation. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at 3-14. He based the request on a statement in a report from the plaintiff's treating physician assistant to the state disability agency dated September 26, 2005, that "I believe he would benefit from having a formal IQ evaluation." Record at 354-55. The administrative law judge denied the request because there was no evidence of IQ testing before

the plaintiff reached the age of 22, the plaintiff had worked successfully at the semi-skilled level, and the plaintiff's attorney stipulated that the plaintiff was capable of performing the basic mental demands of work.  Record at 21, 31-32.  The plaintiff asserts that the denial of his request is reversible error.

The plaintiff cites no authority for the assertion that the administrative law judge was required to obtain a consultative mental examination, or at least an IQ test, upon his request.  An administrative law judge has discretion regarding whether to order a consultative examination.  *See* 20 C.F.R. §§ 404.1517, 416.917; *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) ("The regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.") (citation and internal punctuation omitted).  A failure to order such an examination has been held not to constitute an abuse of discretion unless the examination was necessary to enable the administrative law judge to determine disability.  *See, e.g., Bishop v. Barnhart*, 78 Fed.Appx. 265, 268 (4th Cir. 2003) ("[A] consultative examination is required when the evidence as a whole is insufficient to support a decision.); *McCuller v. Barnhart*, 72 Fed.Appx. 155, 160 n.5 (5th Cir. 2003)("[T]he ALJ's duty  to undertake a full inquiry does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the ALJ to make the disability decision,") (citation and internal punctuation omitted).

A claimant who meets a Listing is considered disabled for purposes of Social Security benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).  The administrative law judge's observation about the lack of evidence of IQ testing before the plaintiff attained the age of 22 is an apparent reference to the fact that Listing 12.05 requires, for all of its subsections, evidence of deficits in

4

adaptive functioning "initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22." Listing 12.05. There is no regulatory requirement that such deficits be shown by IQ testing, however.[2]

The plaintiff proffers as such evidence the facts that he did not complete high school, had "extra assistance" in spelling, science, "and other subjects," Record at 187, and that his primary care provider suspected that his "education abilities" were currently "limited somewhat" and that he would benefit from a formal IQ evaluation. Itemized Statement at 7-9.[3] This is insufficient to establish the required deficits in adaptive functioning. *See, e.g., Shorey v. Astrue*, 2012 WL 3475790, at *7; *Libby v. Astrue*, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *11-*12 (D. Me. July 19, 2011).

Because this threshold requirement of Listing 12.05 has not been demonstrated by the plaintiff here, the failure of the administrative law judge to order an IQ test for him is harmless, if it was an error at all.

### B. Substantial Evidence

The plaintiff also argues that the RFC assigned to him by the administrative law judge is not supported by substantial evidence, because it "does not include the function by function analysis required by 20 C.F.R. §§ 404.1545 and 416.945; and Social Security Ruling 96-8p," and it fails to address the opinions of the plaintiff's primary care provider, a physician's assistant, about the plaintiff's physical abilities. Itemized Statement at 9-13.

---

[2] If the administrative law judge meant that results of IQ testing performed before the plaintiff reached the age of 22 was required, that is an erroneous standard under this court's case law, which holds that results of an IQ test performed after age 22 are considered to be consistent with a claimant's IQ before age 22, unless the commissioner offers evidence that rebuts a presumption that such scores remain constant throughout the claimant's life. *Mace v. Astrue*, Civil No. 08-14-BW, 2008 WL 4876857, at *3 (D. Me. Nov. 11, 2008). Rejection of the "capsule definition" approach to Listing 12.05C by this court has not altered this presumption. *See Shorey v. Astrue*. No. 1:11-cv-414-JAW, 2012 WL 3475790, at *6-*7 (D. Me. July 13, 2012).
[3] I have used the language from the original documents in the record rather than the modified, more claim-friendly language used in the itemized statement.

5

Once again, the plaintiff fails to set out the effect of the first alleged error on the outcome of his claim. Even if he had done so, however, he is not entitled to remand on this asserted basis. Neither of the regulations that the plaintiff cites in support of his argument actually requires the administrative law judge to make a "function by function" analysis before reaching any conclusions as to an applicant's RFC. That language is found in the third authority he cites, Social Security Ruling 96-8p. But, this court has not interpreted that Ruling to require the administrative law judge to list specifically the amount of each function within a particular exertion level that a claimant can perform. *See, e.g., Rigby v. Astrue*, No. 1:11-cv-110-JAW, 2012 WL 282988, at *3 (D. Me. Jan. 30, 2012). An underlying function-by-function analysis by a state-agency reviewing expert or an expert testifying at the hearing will suffice. *Id.*; *see also Fernald v. Social Sec. Admin. Comm'r*, No. 1:11-cv-00248-NT, 2012 WL 1462036, at *4 (D. Me. Apr. 19, 2012).

In this case, there are two function-by-function physical analyses from state-agency reviewing physicians. Record at 397-405; 424-32. In addition, a medical expert testified at hearing who disagreed with one of the state-agency physician reviewers on the appropriate exertional level for the plaintiff's RFC, but not with the other functional limitations found by that reviewer. *Id.* at 65. The administrative law judge's opinion specifically mentions, and relies on, this testimony. *Id.* at 22.

Under the circumstances of this case, the plaintiff takes nothing by his first lack-of-substantial-evidence argument based upon the lack of a function by function analysis.

As to the plaintiff's second argument alleging a lack of substantial evidence supporting the administrative law judge's decision, the plaintiff is less than clear on the appropriate weight to be given to the opinions of his treating physician's assistant. He acknowledges, Itemized

Statement at 11-12, that a physician's assistant is not an acceptable medical source under Social Security regulations, see 20 C.F.R. §§ 404.1513(a) and 416.913(a), but nonetheless contends that the administrative law judge wrongly "ignored" the physician's assistant's findings as to physical limitations.

In fact, the administrative law judge did not ignore the physician's assistant's opinions. He stated:

> The opinion of the claimant's treating PA-C is given some consideration; however, his contention that the claimant's back impairment satisfies section 1.04 is not supported by the objective evidence. His own treatment records do not support the degree of impairment described in his March 23, 2011 medical source statement (Exhibit B-17F).

Record at 22. The March 23, 2011, document to which the administrative law judge refers is the document that the plaintiff contends he ignored.[4] Itemized Statement at 11, Record at 480-86. The administrative law judge's opinion also recites some of the physician's assistant's specific findings on examination of the plaintiff. Record at 21.

If the defendant means to contend that the administrative law judge was required to address individually each of the physical limitations listed by the physician's assistant, he cites no authority for that position, and I am aware of none. *See, e.g., Hanson v. Social Sec. Admin. Com'r*, NO 1:11-cv-8-DBH, 2011 WL 6888642, at *2-*3 (D. Me. Dec. 28, 2011). The administrative law judge relied on the findings of the state-agency physician reviewers and the testimony of the medical expert at the hearing. Where their specific findings conflicted with those of the physician's assistant, the administrative law judge was entitled to choose between them. *Roman-Gilbert v. Barnhart*, No. 03-89-P-H, 2003 WL 22961195, at *3 (D. Me. Dec. 16,

---

[4] At oral argument, the plaintiff's attorney contended that this reference to the document was only for the purpose of the Step 3 analysis, and the administrative law judge was required to address it again during his Step 5 analysis. Neither 20 C.F.R. § 404.1545 nor Social Security Ruling 96-8p, the only authorities he cited in support of this argument, requires such an unnecessarily repetitive approach to writing an administrative law judge's opinion.

7

2003). The administrative law judge stated that he rejected those identified by the physician's assistant because the physician's assistant's own treatment records did not support them. Nothing more was required.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge